FILED
FEBRUARY 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENISE HOLDER, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Jury Trial Demanded |
| A.G. EDWARDS, INC., ) A.G. EDWARDS & SONS, INC., ) WACHOVIA SECURITIES, ) WACHOVIA CORP. ) ) | **08 C 1090**<br>**JUDGE LEINENWEBER**<br>**MAGISTRATE JUDGE COLE** |
| Defendant. | |

## COMPLAINT

Plaintiff Denise Holder, on behalf of herself and all others similarly situated, by and through her attorneys, Stowell & Friedman, Ltd., hereby files this Complaint against Defendants, and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff's claims arise under the Equal Pay Act, 29 U.S.C Section 206,[1] and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b). Defendants' unlawful conduct took place nationwide, including in this District, and Defendants are licensed to do business and maintain a number of branch offices in this District.

---

[1] Plaintiff has filed a representative charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC"). After she has exhausted her administrative remedies, Plaintiff will seek leave to amend the Complaint to include claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Plaintiff is aware of others similarly situated who are relying on her charge and on this lawsuit.

1

## PARTIES

3. Prior to its acquisition by Defendant Wachovia Corp., Defendant A.G. Edwards, Inc. was a financial services holding company, incorporated in Delaware and headquartered in Missouri, whose subsidiaries provided financial and investment services. Defendant A.G. Edwards & Sons, Inc., a subsidiary of A.G. Edwards, Inc., was a full-service brokerage firm. Collectively, A.G. Edwards, Inc. and its subsidiaries are herein referred to as "Respondent" or "AGE." AGE's 6,618 retail brokers (referred to herein as financial consultants or FCs) operate in 742 locations nationwide.[2]

4. Defendant Wachovia Corp. is a financial services company incorporated and headquartered in North Carolina that provides a wide variety of financial and investment services.[3] Defendants Wachovia Securities, LLC, and Wachovia Securities Financial Network, LLC, are full-service retail brokerage firms headquartered in Richmond, Virginia, and both share the trade name Wachovia Securities. Collectively, Wachovia Corp. and its affiliates and subsidiaries are herein referred to as "Wachovia." Wachovia's 10,800 retail brokers (called financial advisors, but herein included within the term FC) operate in more than 2,600 locations nationwide.

5. On October 1, 2007, Wachovia Corp. announced that it had completed its acquisition of A.G. Edwards, Inc., which will be combined with Wachovia Corp.'s affiliate, Defendant Wachovia Securities, LLC. Integration of operations is still underway at the time of this filing. http://www.wachoviasec.com/pdfs/AGEMergerComplete.pdf  Collectively, Wachovia Corp. and its affiliates and subsidiaries are herein referred to as "Wachovia."

6. Plaintiff Denise Halford Holder is a female Financial Consultant of AGE, where she

---

[2] Source: http://wachovia.com/inside/page/0,,134_307^1477,00.html.
[3] Id.

has been employed since April 17, 1998. Throughout her employment with AGE, and pursuant to AGE's pattern or practice of discrimination and company-wide policies, she has been denied business opportunities and resources on account of her gender and treated worse than similarly situated male employees. Like other women, she has been subjected to systemic violations of the Equal Pay Act by Defendants. Holder lost income and was otherwise harmed as a result of Defendants' unlawful conduct.

## GENERAL PRACTICES OF DISCRIMINATION

6. As described more fully below, Defendants' unlawful treatment of Plaintiff is part of a nationwide pattern and practice of systemic and pervasive sex discrimination and unequal pay against women. Defendants' have engaged in the unlawful treatment of Plaintiff, including but not limited to its offer of higher retention bonuses to men than to women. Wachovia has succeeded AGE as Plaintiff's employer and thus assume liability for AGE's unlawful conduct.

7. On May 31, 2007, Wachovia announced a merger with AGE, which closed on October 1, 2007. AGE's retail brokerage operations were integrated into Wachovia's retail brokerage operations. According to public reports, AGE's and Wachovia's brokerage offices will continue to operate under their respective trade names until 2009. The combined brokerage firm will operate under the name Wachovia Securities. Currently, the branch in which Plaintiff is employed is referred to as A.G. Edward & Sons, a division of Wachovia Securities. The collective entity is referred to herein as "AGE/Wachovia."

8. As part of Wachovia's acquisition of AGE, Wachovia offered retention and management bonuses to AGE FCs. The retention bonus procedure intentionally and disproportionately advantaged males as favored employees whose retention was more important to Wachovia than the retention of women.

---

[4] Source: http://wachovia.com/inside/page/0,,134_307^1672,00.html.

9. To the extent that AGE/Wachovia asserts that the unequal wages are the product of differences in production, that defense is a pretext or mask for discrimination.

10. AGE/Wachovia has and is engaged in a nationwide pattern and practice of gender discrimination and employs policies and practices that have a disparate impact on women. AGE/Wachovia Securities maintains stereotypical views about women that form the basis of personnel decisions and create an environment where occupational segregation, differential treatment and harassment are pervasive and condoned. As a result of AGE/Wachovia's biased culture, women are denied the same business opportunities and managerial, sales and administrative support as their male colleagues. AGE/Wachovia also employs management grooming and selection practices that discriminate against women, who are largely excluded from the management ranks.

11. AGE/Wachovia's human resources department is ineffective at resolving complaints of gender discrimination and harassment and, as a result, many women recognize the futility of lodging internal complaints. Those who do come forward are retaliated against. AGE/Wachovia's systemic gender discrimination is ongoing, as demonstrated in part by the dramatic, historic and continued underrepresentation of women as brokers and in management.

12. AGE/Wachovia employs discriminatory policies and practices with regard to the distribution of business opportunities such as accounts, leads, referrals, walk-ins, call-ins, and initial public offerings ("IPOs"). For example, AGE/Wachovia managers regularly steer accounts, productive assets and other income-generating opportunities to male brokers, and away from female brokers. This discriminatory policy and practice results in lower production and diminished performance rankings for women brokers whose production would be equal or superior to that of similarly situated male brokers if AGE/Wachovia distributed assets and

opportunities equitably. AGE/Wachovia uses tainted performance rankings, which are the direct result of AGE/Wachovia's discrimination, as an excuse to deny women benefits and privileges, including but not limited to membership in elite performance clubs, the services of quality assistants, and increased rates of compensation.

13. AGE/Wachovia also employs discriminatory practices with regard to partnerships, or teams of brokers. These teams are formed at the direction or with the approval of predominantly male managers, and often work to defeat or manipulate account distribution policies and to steer assets and opportunities to male brokers who would not otherwise receive accounts or opportunities. Women are largely excluded from favorable teams. To the limited extent women are included in teams, they do not benefit in the same manner as men, and their books of business are frequently targeted.

14. AGE/Wachovia's systemic, nationwide discrimination, harassment and retaliatory conduct against women includes but is not limited to the following practices:

   a) failing to hire women;
   b) failing to promote women, including to management positions;
   c) underutilizing women in high-paying jobs;
   d) steering women into clerical positions or other non-producing roles;
   e) employing discriminatory recruiting, hiring and management grooming and selection practices;
   f) taking gender into account when making employment decisions, including but not limited to decisions regarding training and decisions regarding transferring and assigning accounts, walk-ins, call-ins, leads, referrals, IPOs and other potential sources of business;
   g) targeting the accounts and clients of women brokers and reassigning them to male brokers using a number of means, including but not limited to partnerships;
   h) failing to credit women for their experience on the same basis as men and failing to consider women for timely promotions or title changes on the same basis as men;

i) employing policies and practices that disproportionately disadvantage women brokers and/or that reinforce and continue the disparate impact of past discrimination;

j) failing to apply and enforce AGE policies in a consistent, gender-neutral fashion, to the detriment of women brokers;

k) employing a number of policies and means to exclude women from income-generating opportunities, including but not limited to denying women brokers the opportunity to receive valuable account distributions or join partnerships or otherwise participate in lucrative business opportunities;

l) systematically paying women lower wages and/or denying women opportunities to increase their earnings, including commissions;

m) negligently hiring and/or retaining individuals with known propensities to discriminate against or harass women;

n) creating an environment that is hostile and offensive to women;

o) retaliating against women who complain of discrimination by, among other things, subjecting them to further discrimination, retaliation, verbal attacks, discipline, reassignment of their clients or accounts, and/or termination;

p) making employment decisions based on gender stereotypes;

q) employing policies and practices that have a disparate impact on women;

r) manipulating the length of service ("LOS") designation of women to safeguard men from termination or disciplinary action and/or to manipulate earnings and performance;

s) terminating women on account of gender and/or due to diminished performance and/or production that was lower than it would have been but for the unlawful conduct of AGE; and

t) defaming women to their clients.

**Plaintiff's Treatment Is Typical of Other Female Class Members**

15. Plaintiff was subjected to the above patterns of discrimination. Consistent with Defendants' systemic unlawful treatment of women, AGE/Wachovia has failed to provide Plaintiff with the same opportunities to succeed and for promotion as male brokers. Plaintiff has not received the same level of resources, mentoring, managerial and sales support, or income-generating opportunities as male brokers. Moreover, like other women at AGE/Wachovia,

Plaintiff has been excluded from favorable partnerships and subjected to a male-dominated work environment in which women are treated as inferior. AGE/Wachovia's and Wachovia's unlawful conduct against Plaintiff and other women constitutes a continuing violation.

16. In anticipation of the merger with Wachovia, AGE/Wachovia FCs were given retention packages based on the amount of assets they managed. Because of AGE/Wachovia's discriminatory practices against women and, specifically, its refusal to assign accounts to Plaintiff, she received lower retention compensation than she would have received but for the discrimination. Upon information and belief, Wachovia was aware of AGE/Wachovia's discriminatory practices and based its retention practices on biased data in order to retain male FCs. Wachovia was aware of the small number of female FCs AGE/Wachovia employed and their low production rankings. Wachovia also identified and selected for higher compensation the FCs it would try hardest to retain via the retention bonuses and should have been aware that it was offering more generous retention packages to men than to women.

17. AGE/Wachovia's discriminatory refusal to promote Plaintiff impacted Plaintiff's compensation under the terms of the Wachovia merger. AGE/Wachovia branch managers were given a Manager Retention Package on top of the FC Retention Package some FCs received. Plaintiff lost this additional remuneration because she was denied management opportunities due to her gender. The package would have been in excess of $25,000 per year for three years. The management retention bonus system had a disparate impact on women. Upon information and belief, Wachovia knew that women FCs were seldom, if ever, promoted to manager, and that its management retention bonuses would almost exclusively benefit men. Thus, Wachovia's award of management retention bonuses was also an intentional act of discrimination.

18. After Plaintiff filed a charge of discrimination with the EEOC, complaining of EPA

violations and sex discrimination, Defendants retaliated against Plaintiff. Defendants subjected Plaintiff to extra and unwarranted scrutiny and subjected her to different interpretations and enforcement of policies than her male colleagues. AGE/Wachovia has prevented Plaintiff from completing certain trades, interfered with and made misrepresentations to her clients, and otherwise hampered her ability to serve her clients, damaging her reputation.

### Plaintiff Was Injured As A Consequence of Defendants' Unlawful Conduct

19. Plaintiff has lost income and other benefits, suffered embarrassment and humiliation, and her career has been irreparably damaged as a result of AGE/Wachovia's unlawful conduct. Plaintiff has lost remuneration as a result of Wachovia's discriminatory award of retention packages. Plaintiff has suffered loss of enjoyment of life, inconvenience and other pecuniary and non-pecuniary losses as a direct result of AGE/Wachovia's and Wachovia's conduct, as well as incurring attorneys' fees and costs.

20. The actions of the Defendants have caused and continue to cause Plaintiffs substantial losses in earnings, management opportunities and other employment benefits, in an amount to be determined by a jury.

21. Defendant acted or failed to act as herein alleged with malice or reckless indifference to the protected civil rights of Plaintiffs. Plaintiff and the class are thus entitled to recover punitive damages in an amount to be determined by a jury.

### CLASS ALLEGATIONS

22. Plaintiff bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of past and present female employees of AGE/Wachovia in the United States who have been subjected to discrimination by Defendants due to their sex and have been subjected to retaliation due to their opposition to discrimination.

23. Plaintiff is a member of the class she seeks to represent.

24. The proposed class is so numerous that joinder of all members is impracticable.

25. There are questions of law and fact common to the class, and those questions predominate over individual questions.

26. The claims alleged by the plaintiff are typical of the claims of the class.

27. Plaintiff will fairly and adequately represent and protect the interests of the class.

28. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

### WAGE DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT

29. Plaintiffs and all others similarly situated reallege the above paragraphs as thought stated herein and incorporate them by reference in Count I of this Complaint.

30. The Equal Pay Act of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207, makes it unlawful for an employer on the basis of sex to pay lower wages or fringe benefits to employees of one sex than it does to similarly situated employees of the other sex.

31. Plaintiffs and all others similarly situated were paid lower wages than male employees in substantially equal jobs even though Plaintiffs and all others similarly situated performed similar duties requiring the same skill, effort, and responsibility as male employees.

32. The differential in pay between sexes was not pursuant to seniority, merit, quantity, or quality of production, but was due to sex.

33. Defendants' reliance on production to justify compensation disparities is a pretext for discrimination.

34. Defendants intentionally paid Plaintiffs and all others similarly situated less than they paid male employees who were performing substantially equal work.

35. By their conduct as alleged herein, Defendants discriminated against Plaintiffs and all others similarly situated with respect to their wages in violation of the Equal Pay Act.

## COUNT II

### RETALIATION IN VIOLATION OF
### THE EQUAL PAY ACT

#### (on behalf of Plaintiff)

36. Plaintiff Denise Holder realleges the above paragraphs and incorporate them by reference into Count II of this Complaint.

37. Plaintiff engaged in protected activity, including filing a charge with the Equal Employment Opportunity Commission complaining of Defendants' discriminatory pay practices.

38. Defendants took adverse action against Plaintiff Denise Holder because of her engaging in protected activity. The adverse action included attempts to destroy Plaintiff Holder's relationships with her clients and subjecting Plaintiff Holder to an unfair and unfounded investigation.

39. By their conduct as alleged herein, Defendants retaliated against Plaintiff Denise Holder and all others similarly situated with respect to their rights under the Equal Pay Act.

40. Plaintiff seeks damages for

### PRAYER FOR RELIEF

41. WHEREFORE, Plaintiff respectfully requests that this Court find in favor of her and the class and against Defendant as follows:

    a. Certify this case as a class action;

    b. Designate Plaintiff as Class Representatives and designate Plaintiffs' counsel of

record as Class Counsel;

c. Declare that Defendant's acts, conduct, policies and practices are unlawful and violate the Equal Pay Act;

d. Declare that Defendants' engaged in a pattern and practice of gender discrimination;

e. Order appropriate equitable and injunctive relief to remedy the discrimination;

f. Order Plaintiff and all others similarly situated reinstated to their appropriate positions, promotions and seniority and otherwise make Plaintiff whole;

g. Award Plaintiff and all others similarly situated the value of all compensation and benefits lost and that they will lose in the future as a result of Defendants' unlawful conduct;

h. Award Plaintiffs and all others similarly situated liquidated damages;

i. Award Plaintiffs and all others similarly situated prejudgment interest and attorneys fees, costs and disbursements, as provided by law;

j. Award Plaintiff and all others similarly situated such other make whole equitable, injunctive and legal relief as this Court deems just and proper to end the discrimination and fairly compensate Plaintiffs.

k. Award Plaintiff and all others similarly situated such other relief as this Court deems just and proper.

l. Award Plaintiff emotional distress damages.

## DEMAND FOR A JURY TRIAL

42. Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

                        Respectfully submitted on behalf of Plaintiffs and those similarly situated,

                        *[signature]*

                        STOWELL & FRIEDMAN LTD.

Mary Stowell
Linda D. Friedman
Suzanne E. Bish
STOWELL & FRIEDMAN LTD
321 S. Plymouth Court
Suite 1400
Chicago, Illinois 60604
(312) 431-0888